## In re TRUST UNDER BLACKMER'S WILL.
No. 79-577.
Circuit Court, Hillsborough County.
April 27, 1979.

Richard N. Stein of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, for the plaintiff.

**BENJAMIN C. SIDWELL**, Circuit Judge.

*Final judgment:* This cause came on for final hearing upon the verified complaint for the Declaration of Rights of Foreign Trustee and alternatively for the Appointment of a Florida Trustee. The facts of this case are undisputed.

On September 20, 1970, Alberta Profit Darrow Blackmer, also known as Alberta Isley Darrow Blackmer, died testate leaving a last will and testament dated November 17, 1965, while she was domiciled in Fairfax County, Virginia. The will was admitted to probate in Fairfax County on October 9, 1970, and subsequently was admitted to probate in Hillsborough County, Florida, by duly authenticated copy.

At the time of her death, Alberta Blackmer owned real property located in Hillsborough County. Her last will left the residue of her estate in trust for certain named beneficiaries, naming a Virginia bank as sole trustee. The named trustee declined to serve as trustee. The circuit court for Fairfax County appointed the American Bank, a Virginia banking corporation, as trustee of the trust set forth in said will in the place and stead of the named trustee. Pursuant to the provisions of Virginia law, plaintiff, the Bank of Virginia Trust Company, a Virginia trust company, succeeded to the trust business of the trustee appointed by said circuit court.

The question presented to this court is whether under the laws of the state of Florida the plaintiff has the power, authority and capacity to act as trustee under the terms of said trust of the trust's real property located in the state of Florida.

Section 660.10, Florida Statutes, limits the power of foreign banks and trust companies to exercise trust powers within the state of Florida. In particular, Section 660.10(3) prohibits said banks and trust companies from acting "as trustee under any will or other testamentary instrument, provided any corporation that is authorized to act as trustee under the laws of the place where it has its principal place of business may receive bequests as trustee of money or intangible personal property and devises of real property located in Florida and may sell, transfer and convey the property."

The exception provided in this statute clearly would permit the plaintiff to act as trustee of the Florida real property if it had been originally named as trustee in the subject will. It falls upon the court to construe and interpret this statutory provision to ascertain whether under the circumstances presented the plaintiff falls within this exception so as to allow it to act as trustee in Florida.

The court is of the opinion that the devise referred to in the statute is a devise to the office of the trustee created in the will and not to the particular trustee named in the will. This opinion is

24

based upon the general principle that when a successor trustee is appointed, the new trustee succeeds to the office of the trusteeship with all the power and authority as the original trustee and in the same place as the original trustee. Therefore, the Bank of Virginia Trust Company has the same power and authority to exercise the office of trustee under the subject trust within the state of Florida as if it has been originally named as trustee in Alberta Blackmer's will, and Florida Statute §660.10 does not act to prohibit the plaintiff from acting as trustee or from exercising any of the powers or duties as trustee under said will within the state of Florida.

It is therefore ordered and adjudged —

A. That the court has jurisdiction of the parties hereto and of the trust.

B. That the Bank of Virginia Trust Company has the authority and power to act as trustee of the trust under the will of Alberta Isley Darrow Blackmer within the state of Florida and is also vested with title to the real property of the trust located in the state of Florida, in its capaciy as trustee under said will, with full power to sell, transfer and convey the real property of the trust located within the state of Florida, and the appointment of the Bank of Virginia Trust Company, as successor trustee of the trust under the last will and testament of Alberta Profit Darrow Blackmer is hereby confirmed.

C. The administration of this trust shall proceed without further supervision by the court except as provided by law and this proceeding stands concluded.